NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-579


LANEY MARKS SMITH

VERSUS

SHANE MICHAEL SMITH


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-0278-A
HONORABLE JAMES PAUL DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell, and James T. Genovese, Judges.


APPEAL DISMISSED.


Michael Keith Leger
DeJean & Leger, L.L.C.
806 South Main Street
Opelousas, LA 70570
(337) 948-9066
COUNSEL FOR DEFENDANT/APPELLEE:
    Shane Michael Smith

**Robert Blaine Purser**
**Purser Law Firm**
**Post Office Box 1670**
**Opelousas, LA 70571**
**(337) 948-0815**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Laney Marks Smith**

**Aaron Frank McGee**
**Attorney at Law**
**Post Office Box 44354**
**Baton Rouge, LA 70804**
**(225) 342-6280**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Laney Marks Smith**

**GENOVESE, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Laney Marks Smith, to show cause, by brief only, why the appeal in this matter should not be dismissed as untimely. On June 7, 2012, this court received Appellant's response to the rule. Also, on June 8, 2012, this court received a supplemental response from Appellant. For the reasons given herein, we hereby dismiss the appeal.

This case involves a child custody dispute between Appellant and Appellee, Shane Michael Smith. On February 13, 2012, the trial court signed the judgment awarding sole custody of the parties' minor child to Appellee and disallowing visitation for Appellant. The notice of judgment was mailed on February 13, 2012. Appellant filed a motion for appeal (which was actually styled, "Notice of Intent to File Appeal") on April 13, 2012. The trial court signed the order of appeal on April 23, 2012, and the appeal record was lodged in this court on May 17, 2012.

Louisiana Code of Civil Procedure Article 3943 provides, in pertinent part, that "[a]n appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942." Louisiana Code of Civil Procedure Article 3942, which governs appeals in certain domestic matters, sets forth a thirty-day appeal delay that commences to run on whichever date is applicable under La.Code Civ.P. art. 2087(A). Pursuant to La.Code Civ.P. art. 2087(A), if no application for new trial is filed, the appeal delay commences to run after the expiration of the delay for filing a motion for new trial. Louisiana Code of Civil Procedure Article 1974 provides that "[t]he delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."

The custody judgment sought to be appealed was signed on February 13, 2012, and the notice of judgment was mailed on that same date. Although the Appellant had

until February 24, 2012, to apply for a new trial, she did not do so. Thus, the thirty-day delay for appealing the judgment at issue expired on March 26, 2012. As such, we find that the motion for appeal, which Appellant filed on April 13, 2012, was untimely. Therefore, we hereby dismiss this appeal as untimely.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.

Rule 2-16.3 Uniform Rules, Court of Appeal.